UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STANLEY WILLIAM SHEPHERD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-02821-RLY-TAB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PLAINTIFF'S
MOTION FOR LEAVE TO AMEND COMPLAINT**

### I. Introduction

Plaintiff seeks leave to substantially amend his complaint in this matter. [Filing No. 24.] Plaintiff contends that his motion is based on "newly discovered evidence," [Filing No. 24, at ECF p. 2], but Plaintiff had been in possession of this evidence for months yet waited to file his motion until two weeks after the discovery deadline has passed. Plaintiff unduly delayed seeking leave to amend, without sufficient explanation for doing so, and unduly prejudiced Defendant as a result. Accordingly, as explained in more detail below, Plaintiff's motion [Filing No. 24] is denied.

### II. Background

Plaintiff filed his original complaint on September 13, 2018. [Filing No. 1.] Plaintiff alleged that on or about January 28, 2017, he was being treated at the Veterans Administration Medical Center ("VAMC") in Indianapolis, Indiana, when Defendant improperly removed his catheter, damaging his urethra. [Filing No. 1, at ECF p. 2.] Plaintiff named Matthew W. Ozimek, PA-C as the specific individual he believed forcibly removed the catheter. [Filing No. 1, at ECF p. 2.]

Subsequently, the parties engaged in discovery. On January 8, 2019, Defendant made its first document production, which included a copy of some of Ozimek's timecards. [Filing No. 25-5, at ECF p. 1.] These records indicated that Ozimek did not work on January 28, 2017, or January 29, 2017. [Filing No. 25-5, at ECF p. 1.] In addition, Defendant answered Plaintiff's first set of interrogatories. [Filing No. 25-3.] Interrogatory No. 14 asked: "Who removed [Plaintiff]'s urinary catheter at VAMC during his admission from January 24, 2017 to February 1, 2017?" [Filing No. 25-3, at ECF p. 11.] Defendant answered: "Nurse Jacob D. Lee." [Filing No. 25-3, at ECF p. 11.]

On February 26, 2019, the Court approved the parties' Case Management Plan, which included a deadline stating that all motions for leave to amend the pleadings shall be filed by May 15, 2019. [Filing No. 11, at ECF p. 3.] Defendant produced additional discovery-related records on April 29, 2019. [Filing No. 25-6.] No motions for leave to amend—or to extend that deadline—were filed by the May 15 deadline.

Plaintiff took Ozimek's deposition on August 28, 2019. [Filing No. 25-9.] Ozimek testified that he did not remove Plaintiff's catheter. [Filing No. 25-9, at ECF p. 10.] He also stated that he was not at the VAMC on January 28, 2017. [Filing No. 25-9, at ECF p. 11.] On September 9, 2019, Plaintiff deposed Lee. [Filing No. 25-10.] Lee testified that he did not know if he had in fact removed Plaintiff's catheter, but he might have done so. [Filing No. 25-10, at ECF p. 7.]

Defendant took Plaintiff's deposition on September 26, 2019. [Filing No. 25-11.] At that deposition, Plaintiff's counsel stated that Plaintiff needed to amend the complaint because he no longer believed Ozimek was involved in the removal of the catheter but rather now believed Lee was the one who removed it. [Filing No. 25-11, at ECF p. 11, 6.] Despite the statements made

2

at Plaintiff's deposition on September 26, Plaintiff did not file a motion to amend his complaint or to stay discovery. Instead, Plaintiff proceeded forward with the case, scheduling and conducting two additional depositions. [Filing Nos. 25-12, 25-13, and 25-14.]

The discovery deadline in this matter passed on October 14, 2019. [Filing No. 11, at ECF p. 5.] Fourteen days later, on October 28, 2019, Plaintiff filed his motion for leave to amend the complaint. [Filing No. 24.] Plaintiff titled this motion as "Motion for Leave to Amend Plaintiff's Complaint to Conform with Evidence Newly Discovered During the Course of Discovery." [Filing No. 24, at ECF p. 1.] In the motion, Plaintiff requests "leave to file his amended complaint which further clarifies and conforms with the newly discovered evidence." [Filing No. 24, at ECF p. 2.]

### III. Discussion

Under Fed. R. Civ. P. 15(a)(1), plaintiffs may amend their pleading once as a matter of course within either "21 days after serving it," or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). In this case, Defendant has not provided written consent. Thus, Plaintiff's only path to amendment is with the Court's leave, which should be freely given "when justice so requires." *Id*. However, "[a] district court may deny leave to file an amended complaint in the case of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (internal citations, quotation marks, and brackets omitted.).

3

In addition, the Court looks not only at Fed. R. Civ. P. 15, but Fed. R. Civ. P. 16 as well. *See, e.g., Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011) ("Generally, a motion for leave to amend a complaint is evaluated under Federal Rule of Civil Procedure 15(a)(2). That rule provides that courts 'should freely give leave when justice so requires.' . . . However, the rule is in some tension with the rule that governs scheduling orders, Federal Rule of Civil Procedure 16. Under the rule, district courts are generally required to issue scheduling orders in their cases as soon as practicable. Fed. R. Civ. P. 16(b)(2). And courts are required in a scheduling order to set a deadline for filing amended pleadings. Fed. R. Civ. P. 16(b)(3)(A). . . . Therefore, the district court was entitled to apply the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) were satisfied.").

In this case, the CMP stated that all motions for leave to amend the pleadings shall be filed by May 15, 2019. [Filing No. 11, at ECF p. 3.] Defendant argues that Plaintiff's motion to amend should be denied because the proposed amendments are unduly delayed and would unduly prejudice Defendant. [Filing No. 25, at ECF p. 15.] "The issue of undue delay generally arises when a plaintiff seeks leave to amend deep into the litigation." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 687 (7th Cir. 2014).

Plaintiff claims to be seeking leave to amend the complaint because of "newly discovered evidence[,]" [Filing No. 24, at ECF p. 2] but Plaintiff's claim is misleading. As noted above, Plaintiff received the bulk of this information as early as January 2019, yet waited nine months—and until two weeks after discovery had closed—before filing the underlying motion for leave to amend. Plaintiff has not presented any evidence indicating good cause for the delay.

In his reply brief, Plaintiff takes issue with the fact that as of September 9, 2019—the date of Lee's deposition—Defendant had produced no witness that could unequivocally state he

4

or she removed Plaintiff's catheter. [Filing No. 29, at ECF p. 3.] Plaintiff's motion seeking leave to amend uses tentative language: "It has been discovered that it was probably Jacob Lee, R.N. who removed [Plaintiff]'s urinary catheter and not Matt Ozimek, P.A. who [Plaintiff] thought had removed it." [Filing No. 24, at ECF p. 2.] The proposed amended complaint then states:

> 9. According to the medical records, the urinary catheter was removed form [Plaintiff]'s penis on January 28, 2017, by Jacob D. Lee, RN, an employee of the VAMC.
>
> 10. The urinary catheter was either negligently inserted on January 25, 2017 by Nurse Winton and/or negligently removed on January 28, 2017 by Nurse Lee causing damage to [Plaintiff's] urethra.

[Filing No. 24-1, at ECF p. 2.]

This allegation could have been made much earlier than October 24. Plaintiff was aware of these potential facts on January 8, 2019, when Defendant answered Plaintiff's first set of interrogatories [Filing No. 25-3, at ECF p. 11] and provided other discovery, including Ozimek's timecards [Filing No. 25-5, at ECF p. 1]. In addition, Plaintiff heard Ozimek's testimony in August and Lee's in September. Once again, no motion was filed seeking leave to amend. Next, Plaintiff's counsel stated at his September 26 deposition that Plaintiff intended to file a motion to amend. [Filing No. 25-11, at ECF p. 11.] But Plaintiff waited yet another month before doing so—after already delaying over eight months, allowing more deadlines to pass in the meantime. Plaintiff has given no reason for these delays.

In addition, the parties have already invested significant resources in this case. As Defendant points out, allowing Plaintiff to now amend his complaint would require discovery to be reopened. [Filing No. 25, at ECF p. 17.] Plaintiff counters by claiming that Defendant "offered no explanation of how its defense has been compromised or what additional discovery

5

[D]efendant would have done if it had known that [Plaintiff] was claiming Nurse Lee removed the catheter instead of PA Ozimek." [Filing No. 29, at ECF p. 4.] This is inaccurate, in part because Plaintiff seeks not only to make that change but also to include a claim regarding both *the insertion* and removal of the catheter. Such a change would almost certainly require additional discovery. For instance, Defendant stated it anticipates it would have to examine, and potentially depose, multiple other witnesses to fully address Plaintiff's proposed new factual allegations, since the catheter was inserted several days before it was removed, and by a different individual. [Filing No. 25, at ECF p. 17.]

Moreover, Plaintiff claims that Defendant has known since the time Plaintiff's Standard Form 95[1] was filed that this case involved the improper or negligent removal of Plaintiff's urinary catheter. [Filing No. 29, at ECF p. 4.] This argument only bolster's Defendant's argument—the claim involved improper or negligent *removal* of the catheter; it never previously involved the *insertion* of the catheter. Allowing Plaintiff to amend his complaint to now also encompass that portion of his medical treatment—so late in the game—prejudices Defendant and creates additional work for all involved.

Plaintiff has provided no basis for the undue delay or why the Court should overlook the undue prejudice to Defendant that would incur as a result if Plaintiff's motion were granted. Accordingly, Plaintiff's motion [Filing No. 24] is denied.

---

[1] Standard Form 95 is the federal tort claim notice form used to present claims against the United States for property damage, personal injury, or wrongful death under the Federal Tort Claims Act. [Filing No. 1-1.]

## IV. Conclusion

Plaintiff's motion is not based on newly discovered evidence, and Plaintiff has not provided the Court with a sufficient basis for why he could not have sought leave to amend his complaint before that deadline passed or before the close of discovery. Therefore, for the reasons described above, Plaintiff's motion [Filing No. 24] is denied.

Date: 2/12/2020

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email